**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Joseph Kuc, Jr., | No. CV-12-08126-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| MTC Financial Inc., dba Trustee Corporation; et al., | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss and Motion to Strike of MTC Financial Inc. dba Trustee Corps ("Trustee Corps"). (Docs. 10, 17). For the reasons discussed below, both motions are granted.

## BACKGROUND

Plaintiff Anthony Joseph Kuc Junior ("Kuc"), pro se, brought suit against Trustee Corps and related parties on June 11, 2012. (Doc. 1-1 at 2.) Kuc's complaint is sparse on factual allegations and organization, but apparently seeks to quiet title to his home and to obtain relief for the filing of false documents. (Doc. 1-1 at 7–8.) Because Kuc alleged very few facts, the information in this section is gleaned from Trustee Corps' Motion to Dismiss and Kuc's Answer (Response).

Trustee Corps has requested that the Court take judicial notice of nine documents attached to its Motion to Dismiss. (Doc. 10-1 at 2.) A court may take judicial notice of "matters of public record" as an exception to the limitation on extrinsic evidence in

12(b)(6) motions to dismiss. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n. v. Solimino,* 501 U.S. 104, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991). As such, the Court will take judicial notice of the Deed of Trust ("DOT") from Anthony J. Kuc and Kathleen Kuc, as Borrowers, in favor of MERS, (Doc. 10-2); the Assignment of Deed of Trust from MERS to BAC Home Loans Servicing, (Doc. 10-3); the Substitution of Trustee, appointing Trustee Corps as Trustee, (Doc. 10-4); and the Notice of Trustee's Sale, (Doc. 10-5). *See Osuna v. Bank of Am.*, No. CV-11-1147-PHX-GMS, 2011 WL 6182120 at *2 (D. Ariz. Dec. 13, 2011), *reconsideration denied*, No. CV-11-1147-PHX-GMS, 2012 WL 10670 (D. Ariz. Jan. 3, 2012) (taking judicial notice of deed of trust and subsequent transfers). The Court does not find that judicial notice of the remaining documents is necessary for resolving this Motion and declines to take notice of them.

On December 10, 2007, Kuc obtained a loan from Federal Savings Bank in the amount of $535,000, secured by his property at 5804 Kingman Reef Road, in Kingman, AZ. (Doc. 10-2 at 1, 3.) The note and DOT were subsequently assigned to BAC Home Loans Servicing ("BAC") on June 21, 2011. (Doc. 10-3 at 1.) Thereafter, Kingman allegedly defaulted on his loan. (Doc. 10 at 2.) BAC consequently substituted Trustee Corps as foreclosure trustee. (Doc. 10-3 at 1.) Trustee Corps, pursuant to its power of sale in the DOT, recorded a Notice of Trustee's Sale on March 9, 2012. (Doc. 10-4 at 1.)

Prior to filing this suit, Kuc filed suit against Bank of America (successor to BAC), MERS, the servicer of his loan, and the former trustee. *See Kuc v. Bank of Am., N.A.*, No. CV-12-08024-PCT-FJM, 2012 WL 1268126 (D. Ariz. Apr. 16, 2012). That suit was dismissed for failure to state a claim. *Id.* at *4.

The thrust of Kuc's current suit against Trustee Corps is that he has paid off his loans in full, and that he is therefore entitled to clear title to the property located at 5804 Kingman Reef Road. Though Kuc makes a reference to a false documents claim, he has not alleged facts to support it.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DISCUSSION**

**I.     Motion to Strike**

Without seeking leave of court, Kuc filed a "Reply to Defendant's Reply for Motion to Dismiss," (Doc. 15), which the Court construes as a surreply. Trustee Corps has filed a Motion to Strike this surreply. (Doc. 17.) The Local Rules do not authorize filing a surreply without leave of court. *See* LRCiv. 7.2 (authorizing only responsive and reply memoranda); *Silvas v. GMAC Mortg., LLC*, No. CV-09-265-PHX-GMS, 2009 WL 4573234 at *2–3 (D. Ariz. Dec. 1, 2009). Kuc did not seek leave before filing his surreply, and nothing in his filing could be construed as a request for leave. Therefore, Trustee Corps' Motion to Strike is granted, and the Court will not consider Kuc's surreply in deciding the Motion to Dismiss.

**II.    Motion to Dismiss**

**A.     Legal Standard**

A court may not grant a 12(b)(6) motion to dismiss for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir. 1994) (citing *Buckey v. Cnty. of Los Angeles,* 957 F.2d 652, 654 (9th Cir. 1992)). When analyzing a complaint under this standard, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson,* 84 F.3d 1213, 1217 (9th Cir. 1996). However, a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

A district court generally will not consider evidence or documents beyond the complaint in the context of a 12(b)(6) motion to dismiss. *See Hal Roach Studios, Inc. v.*

1    *Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (amended decision).

2    However, courts may "consider certain materials—documents attached to the complaint,

3    documents incorporated by reference in the complaint, or matters of judicial notice—

4    without converting the motion to dismiss into a motion for summary judgment." *United*

5    *States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

6    **B.    Analysis**

7    Under Arizona law, a trustee

> need only be joined as a party in legal actions pertaining to a breach of the
> trustee's obligations under this chapter or under the deed of trust. Any order
> of the court entered against the beneficiary is binding upon the trustee with
> respect to any actions that the trustee is authorized to take by the trust deed
> or by this chapter. If the trustee is joined as a party in any other action, the
> trustee is entitled to be immediately dismissed and to recover costs and
> reasonable attorney fees from the person joining the trustee.

13   A.R.S. § 33-807(e) (2012). Thus, Arizona law requires plaintiffs to bring suit against

14   beneficiaries, rather than trustees, when they wish to challenge actions authorized by a

15   deed of trust or Arizona statute. *Puzz v. Chase Home Fin., LLC*, 763 F. Supp. 2d 1116,

16   1125 (D. Ariz. 2011). Moreover, it requires dismissal of any actions against trustees that

17   do not allege a breach of A.R.S. Title 33 Chapter 6.1 or the deed of trust.

18   Here, Kuc brings an action against Trustee Corps alone instead of bringing an

19   action against the beneficiary and joining Trustee Corps to that action. The reason for this

20   is that Kuc's action against Bank of America, successor to the beneficiary, has already

21   been dismissed with prejudice for failure to state a claim. *Kuc*, 2012 WL 1268126 at *4.

22   This order involving Bank of America as beneficiary is also binding on Trustee Corps as

23   trustee. A.R.S. § 33-807(e).

24   Nowhere in Kuc's complaint does he allege that Trustee Corps has breached

25   Chapter 6.1 or the DOT. Kuc apparently contends that Trustee Corps is a proper party to

26   his quiet title action because it "has the power to deed the property back to [him]" and is

27   required to do so "[a]s a matter of fact." (Doc. 11 at 6.) Kuc's allegation that Trustee

28   Corps is required to deed the property back to him is ostensibly based on his assertions

that he has paid off his loans in full. However, Kuc has not pointed to any provision in the Arizona statute or DOT that requires Trustee Corps to deed the trust back to him upon full repayment, and the Court's own review has not revealed any such requirement.

Under the DOT, it is the lender, not the trustee, who is obligated to release the security interest on Kuc's property upon full payment of the debt. (Doc. 10-2 at 9.) Without allegations beyond mere repayment in full of his debt (e.g., that the lender directed Trustee Corps to deed the property back to Kuc because of the repayment and Trustee Corps failed to do so), Kuc has failed to state a claim that Trustee Corps breached its obligations under the DOT.

Furthermore, Title 33 Chapter 6.1 contains no provisions that require a trustee to sua sponte deed a property back to the borrower upon full repayment of a debt. Therefore, Kuc has also failed to allege that Trustee Corps breached its obligations under the statutory scheme.

Because Kuc has not alleged that Trustee Corps breached its obligations under either the DOT or Arizona's statutory scheme, Trustee Corps is not a proper party to this action. Kuc's proper recourse is against the beneficiary under the DOT, not against Trustee Corps.[1] A.R.S. § 33-807(e) therefore requires that the action against Trustee Corps be dismissed. Pursuant to the mandate of the statute, Trustee Corps is awarded whatever costs and reasonable attorney fees it has incurred in defending this action. These costs and fees will be awarded upon Trustee Corps' filing of a motion and supporting memorandum in compliance with LRCiv. 54.2.

Kuc states in his Response that he reserves the right to amend "this document," apparently referring to the Complaint. (Doc. 11 at 9.) In granting a motion to dismiss, a

---

[1] As noted above, Kuc has already brought suit against the beneficiary, Bank of America. See Kuc, 2012 WL 1268126. Trustee Corps argues that Kuc's current suit is subject to dismissal because this prior suit operates to preclude Kuc's current claims. (Doc. 10 at 11–13.) However, Kuc in the current suit apparently claims that he has paid off three separate loans. (Doc. 1-1 at 3–4.) The opinion dismissing Kuc's claim in the prior suit appears to involve only one loan. Though the previous opinion is binding on Trustee Corps as trustee, it is unclear with these facts on which of Kuc's three loans, if any, the opinion would have preclusive effect.

district court should provide leave to amend unless it is clear that the Complaint could not be saved by any amendment. *Didyoung v. Allstate Ins. Co.*, CV-12-348-PHX-GMS, 2012 WL 1983779 at *3 (D. Ariz. June 4, 2012) (citing *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002)). Therefore, Kuc will be granted leave to amend his Complaint, to the extent possible, to state claims against Trustee Corps for breach of obligations under either the DOT or Title 33 Chapter 6.1 of the Arizona Revised Statutes.

## CONCLUSION

Because Trustee Corps is not a proper party to this action, Trustee Corps' Motion to Dismiss is granted.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of MTC Financial Inc., dba Trustee Corp. (Doc. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Strike of MTC Financial Inc., dba Trustee Corp. (Doc. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Anthony Joseph Kuc, Jr.'s Complaint is **DISMISSED** with leave to amend, **within thirty (30) days** of the date of this Order, to state a cognizable claim. If Kuc fails to amend, the Clerk of Court is directed to terminate this action without further leave of the Court.

Dated this 24th day of October, 2012.

G. Murray Snow
United States District Judge