**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Joseph Kuc, Jr.,<br><br>               Plaintiff,<br><br>v.<br><br>MTC Financial Inc., dba Trustee Corporation; et al.,<br><br>               Defendants. | No. CV-12-08126-PCT-GMS<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss and Alternatively, Motion to Strike of MTC Financial Inc. dba Trustee Corps ("Trustee Corps"). (Doc. 23). For the reasons discussed below, the Motion to Dismiss is granted with prejudice and the Motion to Strike is denied as moot.

**BACKGROUND**

Plaintiff Anthony Joseph Kuc Junior ("Kuc"), pro se, filed an Amended Complaint against Trustee Corps and related parties on December 11, 2012 (the "Amended Complaint"). (Doc. 22.) Kuc's Original Complaint, filed with this Court on June 11, 2012 (the "Original Complaint"), sought to quiet title to his home and to obtain relief for the filing of false documents. (Doc. 1-1 at 7–8.) Because Kuc failed to allege any facts showing that Trustee Corps was a proper party to the action, this Court granted Trustee Corps' Motion to Dismiss the Original Complaint with leave to amend on October 24, 2012 (the "First Order"). (Doc. 19 at 6.) The facts of the present claim and Kuc's prior

related suit against Bank of America are set out more fully in the First Order. (Doc. 19 at 2.) *See also Kuc v. Bank of Am., N.A.,* No. CV-12-08024-PCT-FJM, 2012 WL 1268126 (D. Ariz. Apr. 16, 2012).

The thrust of Kuc's suit against Trustee Corps remains that because he has paid off his loans in full by allegedly tendering payment in full to the holder of the underlying debt, he is entitled to clear title to the property located at 5804 Kingman Reef Road. On December 21, 2012, Trustee Corp filed a Motion to Strike Kuc's Amended Complaint or, in the alternative, to Dismiss the Amended Complaint for failure to state a claim. Kuc alleges a total of six causes of action against Trustee Corps. Counts 1–3 allege violations by Trustee Corps under various provisions of the DOT. Counts 4 and 5 allege that Trustee Corps also violated A.R.S. §§ 33-707 and 33-712 when it failed to release the DOT in full satisfaction of the loan. (Doc. 22 at 4–5.) Finally, Count 6 alleges that Trustees Corps' failure to transfer clear title to Kuc amounts to tortious interference with an unspecified "relationship." (Doc. 22 at 5.)

Trustee Corps has incorporated into its current Motion its Request for Judicial Notice (Doc. 10-1.) and all supporting exhibits and documents submitted therewith. (Doc. 23 at 2.) In the First Order, this Court took judicial notice of the Deed of Trust ("DOT") from Anthony J. Kuc and Kathleen Kuc, as Borrowers, in favor of MERS, (Doc. 10-2); the Assignment of Deed of Trust from MERS to BAC Home Loans Servicing, (Doc. 10-3); the Substitution of Trustee, appointing Trustee Corps as Trustee, (Doc. 10-4); and the Notice of Trustee's Sale, (Doc. 10-5). (Doc. 19 at 2–3.) For the reasons stated in the First Order (Doc. 19 at 2–3.), the Court continues to take judicial notice of Kuc's DOT (Doc. 10-2). The Court does not find that judicial notice of the remaining documents is necessary for resolving this Motion and declines to take notice of them.

**DISCUSSION**

**I.     Motion to Dismiss**

    **A.     Legal Standard**

A court may not grant a 12(b)(6) motion to dismiss for failure to state a claim

- 2 -

"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir. 1994) (citing *Buckey v. Cnty. of Los Angeles,* 957 F.2d 652, 654 (9th Cir. 1992)). When analyzing a complaint under this standard, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson,* 84 F.3d 1213, 1217 (9th Cir. 1996). However, a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

A district court generally will not consider evidence or documents beyond the complaint in the context of a 12(b)(6) motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (amended decision). However, courts may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

**B.     Analysis**

Arizona law requires plaintiffs to bring suit against beneficiaries, rather than trustees, when they wish to challenge actions authorized by a deed of trust or Arizona statute. *Puzz v. Chase Home Fin., LLC*, 763 F. Supp. 2d 1116, 1125 (D. Ariz. 2011). Moreover, it requires dismissal of any actions against trustees that do not allege a breach of A.R.S. Title 33 Chapter 6.1 or the deed of trust. Under Arizona law, a trustee "need only be joined as a party in legal actions pertaining to a breach of the trustee's obligations under this chapter or under the deed of trust." A.R.S. § 33-807(e) (2012).

Kuc's allegation that Trustee Corps is required to deed the property back to him is

ostensibly based on his assertions that he has paid off his loans in full. The First Order granted Kuc leave to amend with instructions as to why his claim against Trustee Corps was insufficient to state a claim. The Order further stated that if Kuc was unable to appropriately amend his claims against Trustee Corps Trustee Corps "is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee." A.R.S. § 33-807(e) (2012). In the interest of creating clarity and finality as to these issues, the Court will address each claim in the amended complaint grouped according to subject matter.[1]

### 1. Kuc's Statutory Claims

Kuc alleges that Trustee Corps' failure to release the DOT constitutes a violation of A.R.S. §§ 33-712 and 33-707(A). Section 33-707(A) provides that if a "mortgagee, trustee or person entitled to payment receives full satisfaction of a mortgage or deed of trust, he shall acknowledge satisfaction of the mortgage or deed of trust by delivering to the person making satisfaction or by recording a sufficient release or satisfaction." A.R.S. § 33-707(A) (2012).

Although A.R.S. § 33-707(A) does included the words "trustee" and "obligation," the statute only creates an obligation to release the DOT if the *trustee* has received full satisfaction of the DOT. Kuc continues to allege in his Amended Complaint that the EFTs he submitted to his lender "by definition of the law have satisfied and discharged each of the three loans in this case…." (Doc. 22 ¶ 10.) Even if that were true , *see Kuc*, 2012 WL 1268126 at *3–4, Kuc further fails to allege that the lender notified Trustee Corps of the alleged "satisfaction,"or that he provided the trustee with "a sufficient

---

[1] As one basis for its Motion to Dismiss, Trustee Corps also alleges claim preclusion on the grounds that Kuc has already brought suit against the beneficiary, Bank of America. *See Kuc*, 2012 WL 1268126. Trustee Corps has already argued that Kuc's current suit is subject to dismissal on these grounds (Doc. 10 at 11–13.). In the First Order, this Court declined to accept such a basis for dismissal. (Doc. 19 at 5, n.1.) The Court explained although the previous opinion is binding on Trustee Corps as trustee, it is unclear on which of Kuc's three loans, if any, the opinion would have preclusive effect. (*Id.*) Trustee Corps has not alleged additional facts to demonstrate with specificity the preclusive effect of the previous opinion. As such, the Court again cannot find that this suit is precluded by the previous order which dealt with only one loan.

release or satisfaction" that he had received from the lender. He simply states that Trustee Corps "should have known" because he personally informed Trustee Corps of the loans' satisfaction. (Doc. 22 ¶¶ 16–17.)

In carrying out its contractual or statutory duties, "a trustee shall, when acting in good faith, have the *absolute right to rely* upon any written direction or information furnished to him by the beneficiary." A.R.S. § 33-820(A) (emphasis added). Thus, as an agent of the beneficiary, Trustee Corps is only required by statute to do that which the beneficiary has directed. Kuc fails to allege in either his Original or Amended Complaints any facts suggesting that the lender directed Trustee Corps to release the loans. Thus, Trustee Corps had no statutory obligation to record or deliver any release of the DOT. Thus, even taking as true Kuc's claim that his loan obligations were paid in full, Kuc fails to satisfy the pleading standard required under Rule 8(a)(2). *See Iqbal*, 556 U.S. at 678 (explaining that a "naked assertion" or "unadorned…accusation" does not satisfy Rule 8's requirement of a "short and plain statement of the claim") (citing *Twombly*, 550 U.S. at 556).

Without any underlying obligation, Plaintiff's citation to A.R.S. § 33-712 also fails to state a claim. A.R.S. § 33-712 simply establishes liability for any person receiving satisfaction of a mortgage or DOT who fails to record a release or satisfaction of the mortgage or DOT. Because Kuc has alleged that it was the lender, and not the trustee, who received satisfaction of the security interest on Kuc's Property, he has failed to show that Trustee Corps was obligated to record a release. Without allegations beyond mere repayment of his debt, Kuc has failed to state a claim that Trustee Corps breached its obligation under Title 33 Chapters 6 and 6.1.

### 2. Kuc's DOT Claims

In an attempt to allege a contractual duty on the part of Trustee Corps, Plaintiff cites to three specific provisions in the DOT which he claims Trustee Corps has breached (Doc. 22 at 3–4.), none of which demonstrate a legally cognizable obligation to release the DOT on the part of the trustee.

1    Clause 24 of the DOT only ensures that any successor trustee appointed by the
2    Beneficiary will have the same rights and obligations as the trustee named at the time of
3    execution of the deed of trust. (Doc. 10-2 at 9.) This clause creates no additional,
4    actionable obligations for the named trustee or any successors. Clause 25 of the DOT is a
5    standard "time is of the essence clause." (*Id.*) This simply reinforces any preexisting
6    contractual dates and times. In order for this to be of any relevance, the DOT must also
7    state some underlying duty or obligation that must be completed within a certain length
8    of time. This Plaintiff has failed to do.

9    Clause 23 instructs that "upon payment of all sums secured by this Security
10   Instrument, *Lender* shall release this Security Instrument." (Doc. 10-2 at 9.) (Emphasis
11   added.) Thus, under Clause 23 of the DOT it is the lender, not the trustee, who is
12   obligated to release the security interest on Kuc's property upon full payment of the debt.
13   (Doc. 10-2 at 9.) Moreover, Kuc has previously alleged that he tendered full repayment to
14   his Lender, not to Trustee Corps. (Doc 1-1 at 3–4.) Thus, Kuc has not stated a claim
15   against Trustee Corps for a breach of any obligation under the DOT.

16                    **3.    Tortious Interference Claim**

17   Kuc's final count against Trustee Corps is a claim for "torttious [sic] interference"
18   with his "relationship and constitutional rights to his property." (Doc. 22 at 5.)   Plaintiff
19   fails to state how this is different than a cause of action for quiet title which must for
20   reasons stated above, be brought against the lender.  To the extent that the Plaintiff
21   intends to state a claim  for intentional interference with a contractual relationship, he has
22   failed to do so. The elements of intentional interference are: "(1) existence of a valid
23   contractual relationship, (2) knowledge of the relationship on the part of the interferor,
24   (3) intentional interference inducing or causing a breach, (4) resultant damage to the party
25   whose relationship has been disrupted, and (5) that the defendant acted improperly."
26   *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395*
27   *Pension Trust Fund*, 201 Ariz. 474, 493, 38 P.3d 12, 31 (2002). In support of his claim,
28   Kuc alleges only that Trustee Corps knew about the EFTs payment to his lender but

1 refused to transfer the subject property to him.

2 Trustee Corps does not dispute the existence of or its knowledge of the contractual 3 relationship between Kuc and his lender created by the DOT. Rather, Trustee Corps 4 argues that no sufficient facts are alleged as a matter of law to suggest that it engaged in 5 any activity tending to induce or cause a breach. (Doc. 23 at 12.) Even taking as true 6 Kuc's allegation that his EFTs constituted full payment of his loan obligations to the 7 lender, Trustee Corps' failure to release the DOT or "transfer property" to Kuc is in 8 accordance with its own obligations under the DOT. As noted above, it is the lender, not 9 the trustee, who is obligated to release the security interest on Kuc's property upon full 10 payment of the debt. (Doc. 10-2 at 9.) Absent an allegation that the lender directed 11 Trustee Corps to act, Kuc has not alleged any other facts tending to show that Trustee 12 Corps engaged in any action that induced a breach of the DOT by either party. Because 13 Kuc has failed state facts sufficient to establish this third element, he has also failed to 14 state claim for intentional interference and the claim must be dismissed. Having 15 previously provided Plaintiff the Supreme Court's latest pronouncements in Twombly 16 and Iqbal on the factual requirements for a complaint to state claims for relief (Doc. 19 at 17 6.), Plaintiff will not be given an additional opportunity to amend her Complaint. To do 18 so would be unfair to Defendant.

19 **II.    Motion to Strike**

20 Trustee Corps first moves to strike Kuc's Amended Complaint pursuant to Fed. R. 21 Civ. P. 12(f) and LRCiv 7.2(m)(1). Trustee Corps alleges only that Kuc had no 22 authorization to file his Amended Complaint against them. In the First Order, however, 23 this Court expressly granted Kuc leave to amend his Original Complaint. (Doc. 19 at 6.) 24 Although he was given 30 days to file this Amended Complaint, Kuc filed a Motion for 25 Extension of Time to File which this Court granted on November 29, 2012. (Docs 20, 26 21.) Kuc had authorization to file the Amended Complaint against Trustee Corps and 27 Trustee Corps' Motion to Strike is denied as moot.

28 / / /

**CONCLUSION**

Kuc has not alleged that Trustee Corps breached its obligations under either the DOT or Arizona's statutory scheme. Thus, Trustee Corps is not a proper party to this action and A.R.S. § 33-807(e) requires that the action against Trustee Corps be dismissed. Pursuant to the mandate of the statute, Trustee Corps is awarded whatever costs and reasonable attorney fees it has incurred in defending this action. These costs and fees will be awarded upon Trustee Corps' filing of a motion and supporting memorandum in compliance with LRCiv. 54.2.

Because Trustee Corps is not a proper party to this action, Trustee Corps' Motion to Dismiss is granted.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss of MTC Financial Inc., dba Trustee Corp. (Doc. 23) is **GRANTED WITH PREJUDICE** and the Alternative Motion to Strike Amended Complaint (Doc. 23) is denied as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated this 10th day of April, 2013.

_____
G. Murray Snow
United States District Judge